### CADWALLADER & CO. v. BLAIR & VAN NOSTRAND.

1. **Practice:** POINTS NOT PRESENTED BELOW. The Supreme Court will not reverse a judgment of the District Court upon an objection thereto which was not presented to the court below.

2. —— INSTRUCTIONS: BILL OF EXCEPTIONS. When the ruling of the court upon instructions is noted in the margin thereof, with exceptions thereto, in accordance with the provisions of §§ 3054, 3055 of the Revision of 1860, they become a part of the record, and may be reviewed by the Supreme Court without a formal bill of exceptions, but a bill of exceptions is preferable.

3. —— STATEMENT BY CLERK. A statement by the clerk that certain instructions were given is not sufficient.

4. **Error without prejudice:** INSTRUCTION. The Supreme Court will not reverse a judgment for an error in an instruction, when it does not appear from the record that such error could have worked prejudice to the case of appellant.

5. **Partnership:** CASE FOLLOWED. *Sternburg* v. *Cullanan and Ingham*, 14 Iowa, 251, as to the liability of an incoming partner for the prior debts of the firm into which he enters, approved and followed.

*Appeal from Washington District Court.*

WEDNESDAY, APRIL 19.

PRACTICE: INSTRUCTIONS OF COURT, WHEN PART OF THE RECORD: LIEN OF WAREHOUSEMEN: LIABILITY OF INCOMING PARTNER.— Action at law on warehouse receipt,

Cadwallader & Co. v. Blair & Van Nostrand.

purporting to be executed by defendants as partners. Van Nostrand denied the partnership and the execution of the instrument in suit. On these issues a trial was had to a jury, and a verdict rendered for the plaintiffs. Van Nostrand appeals.

*J. R. Lewis* for the appellants.

*J. F. McJunkin* for the appellees.

DILLON, J. — I. It is assigned for error, that the judgment, as entered in the court below, was in favor of *E.*

*1. PRACTICE: points not presented below.* — *Cadwallader* alone, and not in the plaintiffs' firm of Cadwallader & Co. This was a clerical error. It is a sufficient answer to the objection that no such point was made in the District Court. The objection cannot avail the defendant to reverse the judgment, being for the first time made in this court. We direct the proper correction to be made in the District Court without costs.

II. The appellant claims that the District Court misdirected the jury. The instructions and charge are not

*2. — instructions: bill of exceptions.* — embodied in a bill of exceptions. The question is thus presented (not before passed upon by the court since the Revision), whether, under the Revision, a bill of exceptions is indispensably necessary to enable us to review the charge and instructions of the court? The clerk recites in the transcript, that "the court, on motion of the plaintiffs, instructed the jury as follows, to wit:" then follows in the record certain instructions which are not marked filed.

It is not stated in the margin or elsewhere whether they were "given" or "refused." The only entry on the margin is as follows: "Excepted to by the defendant."

Under section 3054 the judge should state whether the instructions are "given" or "refused:" this need not necessarily be stated in a bill of exceptions.

If they are thus presented to and passed upon by him, then, under the next section (§ 3055), they "become part of the record;" and it is then sufficient to state on the margin that they are "excepted to," and by whom excepted to, whether by the plaintiff or defendant. (Rev., §§ 3109, 3059.)

It not being stated on the margin or elsewhere that the plaintiffs' instructions, of which the defendant complains,

3 —— were "given" to the jury, we cannot regard them
statement
by clerk. as properly before us.

The statement of the clerk that they were given is not sufficient.

It would be a loose and dangerous practice to take the bare statement of the clerk that such instructions were given or such refused.

While under the Revision it is possible to bring up instructions without a formal bill of exceptions, yet to prevent mistakes we much prefer that the instructions "given" or "refused" should be embodied in or identified by a bill of exceptions.

The "*charge*" *of the court*, although not embodied in a bill of exceptions, being properly entitled, addressed to the jury and *signed by the judge*, is a part of the record. (See sections of Revision above cited.) And it is stated on the margin of the several paragraphs or divisions constituting the charge, that they were "excepted to by the defendant." This is sufficient, and we briefly notice the errors assigned upon it.

III. Plaintiffs' action was upon a warehouse receipt, as

4. Error follows: "Received in store from E. Cadwallader &
without
preju- Co. 650 bushels of wheat, subject to their order,
dice: in-
structions. upon surrender of this receipt *and the payment of storage.* Van Nostrand & Blair."

The petition alleged a demand of the wheat, an offer to surrender the receipt and to pay the storage thereon (not

specifying any sum), and the refusal of the defendant to deliver the wheat. The answer set up no claim for storage. None of the testimony in the case is before us, and there is nothing to show that there was any evidence introduced to the jury on the subject of storage. This seems not to have been a point of controversy in the case.

The court charged the jury (the defendant excepting), that if they found for the plaintiffs, "then damages would be the value of the wheat at the date of the demand." The defendant claims that the court should have added, "less the storage thereon," as a warehouseman has a lien for his charges. (1 Pars. Contr., 622; Sedgw. on Damages, 482, 486, 487; 13 Metc., 267.)

Under a proper issue and testimony under it, this might have been a very proper qualification to the charge; but it is obvious, under the state of the case as above explained, the failure of the court to add this qualification is not an error for which the judgment should be reversed, the more especially as the defendant did not ask any such modification.

IV. The other instructions of the court in its charge which are complained of by the defendant, relate to the liability of an incoming partner for the prior debts of the firm into which he enters.

5 PARTNER-
SHIP: case
followed.

This subject was considered by this court in *Sternberg* v. *Callanan & Ingham*, 14 Iowa, 251, and the law quite fully and correctly laid down in the opinion of Mr. Chief Justice BALDWIN.

There are two answers to the defendant's objections: 1st. The court below, as we find upon examination, laid down no principles of law not fully warranted by the case of *Sternberg* v. *Callanan*, above cited. 2d. The action was brought against the defendant upon his own promise and contract, and not for the debts of a prior firm. We say upon his own contract; for under the issues and the

instructions of the court we must assume that it was found by the jury that the defendant was a partner at the time it was executed, and that it was binding upon him.

Affirmed.