## PHILLIPS v. STARR & Co.

1. Evidence: EXPERT. It is not competent for an expert to state a conclusion which it is the peculiar province of the jury to draw from the facts.

2. Contract: CUSTOM. Where a contract for the construction of a railroad fixes, as the price of grading, a certain rate per yard, and in terms provides that no extras shall be allowed, this express stipulation cannot be controlled by a contrary custom.

3. Practice: BILL OF EXCEPTIONS: INSTRUCTIONS. Instructions which are not embodied in a bill of exceptions nor identified thereby, and which are not marked excepted to on the margin, will not be regarded by the Supreme Court. *Aliter*, if the ruling of the court upon the instructions with the exceptions thereto were noted on the margin.

4. —— STATEMENT OF THE CLERK. Nor will the statement of the clerk of the District Court, contained in the transcript, as to the modification of certain instructions, be regarded as sufficient by the Supreme Court.

5. —— MODIFICATION OF INSTRUCTIONS. The modification of instructions should not be by erasure or interlineation.

*Appeal from Henry District Court.*

WEDNESDAY, JANUARY 27.

CONTRACT: EVIDENCE OF EXPERTS: PRACTICE: EXCEPTIONS, ETC. —— Defendants were contractors on the Burlington and Mo. River R. R. They sublet sections 29, 30 and 33, to one Ditto, who agreed to do all the grading and exca-

vations required to be done, according to the directions of the engineer of the railroad company, at a specified price per yard. Ditto assigned his rights under the contract to one Ray, and the latter to the plaintiff. On a trial, the jury found for the defendants, who had judgment on the verdict, and the plaintiff appeals. The further necessary facts appear in the opinion.

*H. & R. Ambler* for the appellant.

*David Rorer* and *Joshua Tracy* for the appellees.

DILLON, Ch. J. — I. All that portion of what is styled the bills of exceptions, occurring in the record prior to page

1. EVIDENCE: expert.

389, is not signed by the district judge, and must be regarded by the court as unsigned bills of exceptions. The appellees' counsel insist upon this point, and as it is well taken, we are not at liberty to disregard it.

We proceed to notice those questions made by the appellant, which are properly saved by completed bills of exceptions. The action of the court, in refusing to receive certain testimony of Ebbitt, is assigned as error, and the exception is preserved and signed by the judge. This witness was introduced as a civil engineer and expert, and the plaintiff offered " to prove by him, that the change in the grade on section thirty, as shown by the evidence in this case was not a slight change, but material, and involved large expense to the sub-contractor; that the change made the work worth forty cents per yard for the whole section (the contract price being thirty cents per yard); that by universal custom, extra allowance is made to contractors in such cases ; that he is acquainted with the work on said section, and examined it with a view to this question ; is an expert, and fully

competent to testify on the subject." The court refused to receive the offered testimony.

This action of the court was not erroneous. The witness was introduced as an expert simply. Certain facts might be assumed in the questions put to such a witness, and if found true by the jury his opinion might be given as to whether a change in a grade was slight or material, particularly if accompanied with the facts upon which the opinion was based. But such a witness cannot undertake to determine what is shown by the evidence — that is for the jury — and upon that give an opinion.

As to the rest of the proposed evidence, the contract fixed the price, and in terms provided that no extras

2. CONTRACT: custom. should be allowed, and a custom to the contrary could not control the express stipulation of the parties. Besides, it should be remarked, that the change in the grade is not shown to have been made by the defendants, but by the engineer, " according to whose directions and to whose satisfaction and acceptance, the plaintiff's assignor agreed to do all grading and excavations required to be done " on the sections named. These views answer the two other exceptions taken to the rejection of certain testimony from the same witness.

II. *As to the instructions.* The record states "that the plaintiff asked the court to instruct the jury as follows:

3. PRACTICE: bill of exceptions: instructions. [Plaintiff's instructions may be found by reference to the index to this transcript.— CLERK.] part of which were given, part modified and part refused, as set forth above; and to all modifications made, and to the refusal of the court to all refused, the plaintiff then and there excepted." And there is a similar statement as to instructions given for the defendant.

Turning to the index, as directed by the clerk, we are referred to certain pages in the record where instructions may be found. These are not signed by court or counsel,

nor is it stated on the margin that any exceptions were taken by either party to any action of the court thereon. Moreover, the clerk certifies that some portions of certain instructions are missing. In civil cases, a formal bill of exceptions is not necessary, though the better practice, where the ruling of the court upon the instructions is noted on the margin, with the exceptions thereto. Rev. §§ 3054, 3055; *Cadwallader & Co.* v. *Blair et al.*, 18 Iowa, 420. Here there was a bill, but the instructions were not embodied therein nor identified thereby; and there was no exception on the margin.

Granting, however, that we can notice them, we remark, that as to the *modification* of the plaintiff's instruc-

4. —— statements of the clerk. tions, we have no means of knowing wherein those were modified, except the statement of the clerk, and that is not sufficient.

The statute points out the mode in which instructions may be modified, and prohibits this from being done

5. —— modification of instructions. "by interlineation or erasure." Rev. § 3053. The first instruction asked by the plaintiff has indorsed on the margin, "given as modified;" with this memorandum by the clerk: "The words *underscored* are added by the judge, and those with a pencil mark through them are erased by the judge. T. A. BEREMAN, *Clerk.*" We cannot act upon any such certificate. The clerk is not authorized to make it. How dangerous it would be to allow a clerk to certify that the judge erased portions of instructions by drawing pencil marks through them.

We are not disposed to be overnice in matters of practice. Every lawyer knows how important, how vital a part of a cause the instructions are. It is a wise provision of the statute which forbids interlineations and erasures in modifying instructions asked, and it should be followed; at least, if modifications are made in this

way, the judge, and not the clerk, should certify in what they consist.

The instructions *given* for the defendants were not properly excepted to. See Rev. §§ 3109, 3055 and cases on this point cited in 2 Iowa Digest, 497, § 54.

As to those instructions asked for by the plaintiff and *refused*, we observe that their correctness depends upon the testimony and cannot be judged of in its absence, and it is not preserved by a bill of exceptions having to it the signature of the judge.

The judgment below must be

Affirmed.