## WELLS v. THE B. C. R. & N. R. Co.

1. **Practice**: BILL OF EXCEPTIONS: SKELETON BILL. A skeleton bill of exceptions must identify the papers to be inserted by the clerk so as to leave nothing to his discretion.

2. **Practice in the Supreme Court**: ABSTRACT. Where an appellee files an additional abstract setting out evidence not contained in that of the appellant he cannot deny that all the evidence is preserved in the court below and presented to the Supreme Court in the abstracts.

3. **Railroads**: NEGLIGENCE: WAIVER BY EMPLOYE. Where it was shown that a brakeman, who was knocked from the top of a freight car by a bridge, had been employed on the same portion of the road for several years, and knew the height of the bridges but remained in the service without protest, it was held that he thereby waived the negligence of the company in that regard.

*Appeal from Butler Circuit Court.*

TUESDAY, JUNE 21.

THE plaintiff is the administratrix of the estate of her deceased husband, Victor J. Wells, and prosecutes this action to recover the damages sustained by reason of the death of the intestate caused by the negligence of defendant while he was in its employment as a brakeman. There was a verdict and judgment for plaintiff; defendant appeals.

*J. & S. K. Tracy*, for appellant.

*Fred Gilman* and *D. F. Gibson*, for appellee.

BECK, J.—I. At the term of this court held in October, 1880, at Dubuque, a motion made by plaintiff to strike from the record the bill of exceptions was sustained. On the day this order was made defendant moved the court to set it aside. The cause, with this motion and a motion of plaintiff to affirm the judgment, was continued to the December term and defendant had leave in open court to file an amended abstract. At the December term plaintiff moved to strike defendant's

amended abstract, filed November 13, 1880, in pursuance of leave obtained as aforesaid. The cause was thereupon continued until the March term, 1881, at Council Bluffs, with an order that all motions be submitted with the case. At the March term the cause, with the motions, was finally submitted for decision. The motions first demand our attention.

The motion to strike the bill of exceptions is based upon the ground that it is a "skeleton bill" and does not suffi-

1. PRACTICE: bill of exceptions : skeleton bill.

ciently identify the evidence and instructions, which it was intended to present as parts of the record. Under the rule of *Hill et al. v. Holloway*, 52 Iowa, 676, the bill of exceptions is not sufficient, as it fails to identify, in any manner, the evidence and instructions, the only proceedings referred to therein. If this bill of exceptions were to be depended upon alone to make the evidence and instructions a part of the record, we could not determine whether they were truly set out in the record. It merely directs the clerk to copy as a part thereof the evidence, and the instructions given and refused, leaving for the clerk to determine what he shall copy and giving no means of identification whereby he may be directed what papers he shall copy, and whereby errors, if he should make any, could be corrected. The true practice in preparing bills of exceptions is very simple and leaves the clerk no opportunity for mistakes in preparing the transcript. The bill should identify the different papers intended to be made a part of the record in something like the following manner: "Here clerk will copy evidence certified by the court, filed, in this case and marked A." "Here clerk will copy instructions given upon request of the plaintiff, filed in this case and marked B." etc., etc. A proper manner of identifying with certainty papers intended to be referred to in bills of exceptions will readily occur to the practitioner.

We think the order sustaining plaintiff's motion to strike

the bill of exceptions was rightly made, and the motion to set it aside ought to be overruled.

II.   We are now required to consider plaintiff's motion to strike the amended abstract filed by defendant.   This abstract is probably intended to set out more fully some parts of the testimony, and is especially designed to present the instructions given and refused, with the exceptions noted upon the margins thereof.   It is not unusual to allow parties to file amended abstracts when they discover that their cases were not fully presented in the original abstracts.   This, of course, is always done before the case is submitted, and at such times as the other parties will not be prejudiced thereby. The amended abstract of defendant was filed in ample time, before the submission of the case, for the plaintiff to present corrections, or deny its statements.   The motion to strike it is overruled.

III.   Plaintiff moved to affirm the judgment of the court below upon the ground that after the bill of exceptions has been stricken out nothing remains to show the evidence in the case, or the errors in and exceptions to the rulings of the court below.   We will proceed to consider the questions arising under this motion.

2. PRACTICE in the supreme court: filing additional abstract.

September 1, 1880, before the first term at which the case appeared in this court, plaintiff filed with the clerk an additional abstract correcting and making additions to the evidence presented in defendant's original abstract.   It is not claimed by plaintiff that the original abstract and plaintiff's additional abstract do not present all the evidence in the case.   Indeed the inference is to be drawn from the act of plaintiff in correcting and adding to the evidence, as set out in the original abstract, that she admits that all the evidence is presented by the two abstracts.   We have held that a party filing an additional abstract purporting to supply defects and omissions in the original abstracts cannot deny that all the evidence is before the court.   *Starr v. The City of Burling*

*ton*, 45 Iowa, 87; *Cross v. The B. & S. W. R. Co.*, 51 Iowa, 683.

Plaintiff by her additional abstract admits that the evidence was preserved in the court below, and presents additions to the testimony which she inferentially admits sets out, with the original abstract, all the testimony in the case. We will not permit her to deny, after making the admission, that the evidence is preserved in the court below, and that the parties by their several abstracts present all of it to this court. Parties to actions will not be permitted in this manner to change the grounds upon which they claim the judgment of the court and deny what they have before admitted.

The striking of the bill of exceptions does not take from the records the instructions and the exceptions thereto, for they are made a part of the record without a bill of exceptions. Code, § 2787. In the case before us the giving and refusing of the instructions and the exceptions are noted upon the margins. This is sufficient, without a bill of exceptions, to authorize this court to review the rulings of the Circuit Court upon the instructions; *Cadwallader & Company v. Blair et al.*, 18 Iowa, 420; *Phillips v. Starr & Co.*, 26 Iowa, 349.

We conclude plaintiff cannot deny that the evidence set out in the abstract is all the testimony in the case, and that the instructions, and exceptions thereto, sufficiently appear in the record without the bill of exceptions, all of which is properly presented by the abstract. The plaintiff's motion to affirm must, therefore, be overruled and the cause must be considered upon its merits.

Under a rule of this court arguments filed with the clerk after a cause is submitted are not sent to the justices. The plaintiff's counsel did not file his argument until after the submission of the cause. In view of the fact that counsel may have been misled as to the time when the cause was set down for hearing, and of other circumstances, we think the rule ought not to be applied in this case. We have therefore

required the clerk to supply us with all the arguments in the case and we have given to all due consideration.

V. The evidence tends to show that the plaintiff's intestate, who, at the time, was a brakeman in defendant's employment, was killed by being knocked from the top of a freight car, where he was in the discharge of his duty, by the timbers of a bridge over which his train was passing. It is shown that the bridge timbers were a little over five feet above the top of the car, while deceased was a man of more than six feet in height. The train was running about eight miles per hour at the time of the accident. The intestate had been employed as a brakeman for more than four years upon that part of the defendant's road whereon was the bridge at which the accident occurred, and other bridges of like construction and height, and, of course, had often passed over them.

3. RAILROADS: negligence: waiver of by employe.

The defendant asked the court to instruct the jury to the effect that if they found the service of the intestate as brakeman upon the route where he was employed was hazardous and dangerous on account of the bridge being of insufficient height, of which he had knowledge while employed upon this part of the road, and he continued in defendant's service without objection, the law, in such case, is that he assumed the dangers incident to the service resulting from the bridge in question, and his administratrix, therefore, cannot recover on account of his death. The court refused to give this instruction. It should have been given. The rule of the instruction is announced in *Perigo v. The C. R. I. & P. R. Co.*, 52 Iowa, 276; *Muldowney v. The Ill. Cent. R. Co.*, 39 Id., 615; *Kroy v. The C. R. I. & P. R. Co.*, 32 Id., 357; *Way v. The Ill. Cent. R. Co.*, 40 Id., 341; *Lumley v. Caswell*, 47 Id., 159.

The principles upon which the rule is based are well stated by DAY, J., in *Perigo v. The C. R. I. & P. R. Co.* Referring to the other cases above cited he uses this language: "The doctrine of these cases is that the negligence of the

defendant in furnishing defective or improperly constructed machinery and implements is waived by remaining in the employment without protest or promise of amendment. The waiver of the negligence of the defendant places the case in the same position as though the defendant had not been negligent; and without the negligence of the defendant there can be no recovery. This waiver cannot be affected by the particular situation in which the employe may be placed, or the rapidity and promptness with which he may be required to act at the time of the accident. These questions may very properly bear upon the question of the contributory negligence of the employe, but they can have no bearing upon the question whether the defendant has been guilty of negligence about which the employe has a legal right to complain." This point of the case demands no further consideration.

III. Counsel for plaintiff insist that the burden rested upon defendant to show knowledge of the deceased as to the dangerous character of the bridge, and that he had remained in defendant's employment without objection or protest, and that no evidence was offered upon this point. The position is based upon the ground that the waiver of liability of defendant, resulting from the deceased remaining in the service of defendant without objection, being a defense, the burden of proof to support it rests upon defendant. We think this position as to the law is correct so far as it applies to the affirmative allegation of the defense to the effect that deceased had knowledge of the danger of the service. It is possible, but the point we do not decide, that the burden then changed to plaintiff, requiring her to show, in order to defeat the waiver of defendant's liability, that deceased did make objection to the service on account of the danger, or that defendant had promised to remove the cause thereof. But we are of the opinion that there was evidence tending to show the knowledge of deceased as to the dangerous condition of the bridge, and that he made no objection on account of the hazard resulting therefrom. It is shown that he had been

employed for more than four years as brakeman on the part of the road whereon the dangerous bridges were situated, and that in speaking of another brakeman that was knocked down by one of the bridges he expressed the opinion that the brakeman "might have known that he would not have cleared" [the bridge]. It is also shown by another brakeman, who was often with him while passing these bridges, that "he would have to stoop over to clear his head." It is not shown that he made any objection or complaint on account of the dangerous character of the bridges. This evidence tends to show that he did have knowledge of the dangers resulting from the insufficient height of the bridges. And, surely, the inference may be drawn from this testimony that he made no objection to the service, based upon these dangers. There is reason for the conclusion that deceased would not have remained for four years in the hazardous service had he expressed objection thereto. These facts are proper to be considered and weighed in determining the issue involving the waiver by the intestate of defendant's liability arising from the dangers of the bridges. It is of course understood that the knowledge of the intestate and his failure to make objections may be shown by circumstances, and inferred from his conduct. Direct proof upon these points is not required. The knowledge of the dangerous character of the bridge may be inferred from opportunities of obtaining such knowledge in the exercise of ordinary care. *Muldowney v. The Ill. Cent. R. Co.*, 39 Iowa, 615. There was evidence tending to show that intestate possessed such opportunities.

We conclude that there was evidence tending to establish the facts which would constitute a waiver of defendant's liability under the instruction refused by the court. It ought, therefore, to have been given. For the error in refusing it, the judgment of the Circuit Court is

REVERSED.