WILSON v. TENANT ET AL.

1. **Bill of Exceptions:** NOT SUFFICIENTLY DEFINITE. Under Code, section 2834, a bill of exceptions which does not embody the evidence and instructions, but contains the directions: "Here insert evidence in full;" "Here insert instructions," without attempting to identify the evidence or instructions, fails to make the evidence and instructions a part of the record.

*Appeal from Ringgold District Court.*

SATURDAY, JUNE 9.

ACTION at law against a church and its trustees to recover on account of money due plaintiff for services rendered to the church as its pastor. There was a verdict and judgment for plaintiff. Defendants appeal.

*Askren Bros.*, for appellants.

*Laughlin & Campbell*, for appellee.

Wilson v. Tenant.

Beck, J.—I. The argument of defendant assails the judgment on the grounds of errors in rulings upon questions relating to the admission of testimony, upon alleged errors in instructions given the jury, and upon the further ground that the verdict is not supported by the evidence.

The plaintiff filed an amended abstract, alleging that the evidence was not presented by bill of exceptions, nor certified by the judge trying the case; alleging also that the instructions were not excepted to nor preserved by bill of exceptions. The defendants deny the amended abstract. We are thus required to resort to the transcript of the record. We find it a very confused, uncertain and illy prepared document —such as ought not to be filed in this court. But, by the exercise of favorable presumptions and a little patience, its contents may be understood.

II. Under the agreement of the parties, the court instructed the jury orally, and the instructions were taken down by the shorthand reporter. They are not made a part of the record in any other way.

What purports to be a bill of exceptions, and what we presume was intended to be one, is what is known as a "skeleton bill." It does not embody the evidence and instructions, but contains the directions as follows:

"Here insert evidence in full." "Here insert instructions." There is no identification or attempt at identification of the evidence or instructions. Under the statute and our repeated decisions, we cannot consider the evidence and instructions as being a part of the record. Code, § 2834; *Wells v. B., C. R. & N. R'y Co.*, 56 Iowa, 520.

III. This conclusion leaves nothing in the case for consideration. Certain errors assigned are based upon the ground that the court erred in rendering judgment against the trustees in their individual capacity, but these objections are not pressed in argument. They are regarded as waived. The judgment of the district court must be

AFFIRMED.