CITIZENS' BANK v. FRANK C. JOHNSON, CHRISTOPHER ARM-
STRONG, JR., Appellants (two cases).

**Appeal:** STRIKING EVIDENCE. Where (the evidence having been
stricken from appellant's abstract, because the transcript was not.
filed within six months,) appellant submits with the case a motion
to consider the cause on the evidence, because appellee filed an.
additional abstract setting out matters contained in the transcript
which, however, brings no evidence into the record, and appellee
argues the case on the theory of the evidence being out of the-
record, the court will not reinstate the evidence and take the case-
where appellant objects to further argument on part of appellee.

**DECREE:** *Error in description.* Where, in a bill to subject land to a.
judgment, the land was properly described, and in the decree-
based thereon, and in other places in the record, it was also prop-
erly described, a discrepancy in a copy of the judgment contained.
in an amendment to the bill will not control so as to show error-
in the judgment rendered.

*Rule applied.* A judgment in an action to subject to the payment of
a judgment land conveyed in fraud of creditors will not be dis-
turbed, on appeal, on the ground that the range in which the land
was located was incorrectly given in a copy of the judgment in
the law case, set out in the petition, where the land was correctly
described in the petition and the judgment does not refer to the
copy but to the judgment record in the law case.

**REVIEW:** *Issues.* Where the pleadings are not all before the appel-
late court it cannot determine that the issues did not warrant the
decree.

**FINDING OF INSOLVENCY.** A finding that a judgment debtor "did not.
have sufficient property remaining to pay his debts" is not objec-
tionable as being insufficient to support a decree of insolvency,
where the degree of insolvency is not affirmatively shown.

*Appeals from Fremont District Court.*—HON. WALTER L.
SMITH, Judge.-

THURSDAY, JANUARY 26, 1899.

ACTIONS to subject real estate to the payment of a judg-
ment. Decrees from which the defendant Armstrong
appealed.—*Affirmed.*

*W. W. Morseman* and *John P. Breen* for appellant.

*W. E. Mitchell, Geo. E. Draper,* and *Wm. Eaton* for appellee.

GRANGER, J.—I.   These cases are in equity, and the record contains an assignment of errors.   At the October term of this court, 1897, we sustained a motion to strike the evidence from the record, because the transcript of the notes of the shorthand reporter was not filed within six months, as prescribed by law.   We also sustained a motion to dismiss the appeal.   At the January term, 1898, we sustained a motion by appellant to set aside the order of dismissal, and reinstate the cause for trial on the assignments of error, but denied a motion to reinstate the evidence.   In September, 1898, appellee filed an "Additional Abstract of Record" as to certain particulars, and appellant now moves the court to hear and determine the cases on the evidence contained in appellant's and appellee's abstracts, and, if necessary, to set aside the order striking the evidence from appellant's abstract.   The particular ground of the present motion to determine the case on the evidence is that appellee, in presenting the additional abstract, has set out matters contained in the transcript, which was not filed, so as to be a part of the record; and it is said that, because of this act of appellee, the evidence contained in both abstracts is before this court.   Reliance is placed on *Wells v. Railroad Co.,* 56 Iowa, 520, and some other cases.   Without holding that such cases control this question, we may dispose of this motion on another ground.   This motion comes to us with the case, so that the case stands submitted for determination. It was submitted with the evidence out of the record, and for consideration only on the assignment of errors.   On the part of appellee, the case is argued on the theory that the evidence is not in the record, and the additional abstract brings into the record no evidence whatever.   Until the evidence was reinstated, appellee was under no

obligation, if, even, it could properly be done, to argue the case for submission as if the evidence was reinstated. Now, appellant, while asking for the trial of the case with the evidence reinstated, objects to further opportunity being given to appellee to argue the case, and says: "This court should dispose of the case finally and fully on the record as it stands, and as it is now submitted." That we cannot do, unless the disposition is based on the record as it was at the time of submission, which we think is the proper course to pursue. There could be no justification for our reinstating the evidence and taking the case without argument by appellee, and we are not asked to take it in that manner. The motion to consider the cause on the evidence is overruled.

II. The Citizens' Bank is plaintiff in two of the suits, and First National Bank of Tabor is plaintiff in the other suit, all consolidated for the purpose of trial in the district court and in this court. One Frank C. Johnson is a judgment debtor of the plaintiff in each suit. The suits on which the judgments were obtained were aided by attachments, and levied on certain real estate in which appellant, Armstrong, claims an interest. The present suits in equity were instituted later, in aid of the attachment proceedings, to subject the real estate to the payment of the judgments. In each of the suits now pending, the petition charges that the real estate therein described was transferred to Armstrong in fraud of creditors, on which property attachments had been levied in the prior suits. The district court made special findings in each of these cases, and found that the conveyance to Armstrong was fraudulent and void, and subjected the land, in each case, to the payment of the judgment. Each case involved a question of fact as to the insolvency of Frank C. Johnson, and the court specifically found the fact of insolvency by saying, in its fourteenth finding, "that Johnson did not have sufficient property remaining to pay his debts." It is said that the finding does not sustain the decree, in this: that it does not appear but that

he had sufficient property to pay plaintiff. How much property he had, if any, does not appear. It does appear that he was insolvent, and so much so that the court adjudged the plaintiff entitled to the relief. We must assume the facts such as to support the decree, unless they appear otherwise. The degree of insolvency does not appear, and so we must say that it was such as to sustain the decree, be the same more or less. We do not determine what that degree is, for it is unnecessary to do so. It is said the finding means "not sufficient property left to pay all his debts." The finding does not say that; and it might, and might not, mean that. For instance, if the evidence showed that there was not enough to pay plaintiff's debt, he would be insolvent, and there would be no need of inquiry into other debts, and the finding, as stated, would be correct. In the absence of the evidence, we have no means of knowing, as we have said, the degree or extent of the insolvency. As the case is before us on assignment of error, error must affirmatively appear to reverse the judgment.

III. The land conveyed to Armstrong, as to which the conveyance was adjudged fraudulent, is in range 41. In one of these suits, known as No. 7,850, there was an amendment to the petition setting out a copy of the judgment in the law action against Johnson, in which the attachment issued, and in the copy the range appears as No. 40. The decree in the district court in No. 7,850 subjects the land to the judgment as being in range 41, and it is said that the judgment is contrary to the pleadings, and therefore erroneous. In all other places in the record the land is described as in range 41, and such is the finding of the court. The judgment or finding of the court does not refer to the copy, but to the judgment record in the law case, and in view of the court's finding, and the record, as a whole, we are not authorized to say that the judgment is not correct. In the petition in case 7,850 the land is described as in range 41, and the discrepancy in the copy would not so far control as to show error in the judgment.

IV.   John C. Cowin is also a judgment creditor of Johnson, and was made a defendant in suit No. 7,844, being the one above entitled, and he presented an answer and cross bill, in which he asked to have his judgment made a prior lien on the land in question.   The decree makes his lien junior to the plaintiff's, but he is given a lien to the extent of his judgment.   It is now said that it does not appear that he served on Armstrong notice of his cross bill, and hence that the judgment in favor of Cowin is erroneous. Cowin is not represented in this court.   It does appear from the amended abstract that a reply was filed to the cross petition, but it does not appear by whom it was filed.   The judgment indicates that it was filed by Armstrong; for there is a decree, based on the cross petition, against him.   The absence of the reply from the abstract makes it apparent that we have not all the record, nor an abstract of all the record, pertaining to the question, and hence we cannot say that the issues did not warrant the decree entered.   The judgment will be AFFIRMED.