KRANIGER, Appellant, vs. SCHMIDT and another, Respondents.

*February 26—March 22, 1904.*

*Deeds: Undue influence: Appeal: Questions of fact: Written decision.*

1. A finding of the trial court that a conveyance of land was not executed as the result of undue influence, is *held* not against the clear preponderance of the evidence.
2. Ordinarily, where the only question raised on an appeal is whether the findings of fact are against the clear preponderance of the evidence, and that question must be answered in the negative, the filing of a decision in writing in strict compliance with sec. 2410, Stats. 1898, is all that is required or advisable.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to set aside a deed upon the ground of undue influence. The issues raised by the pleadings will sufficiently appear from the findings of fact. The court determined that upon these circumstances the legal rights of the parties depended: February 23, 1903, at the age of seventy-two years, Henry Schmidt died. He left surviving him the plaintiff, *Mary Kraniger,* his only child, who resided with her husband in a home of her own, she having two lawful children, Frank aged fifteen years, and Josephine aged seven years; *Anna,* a grandchild aged twenty-two years and unmarried, who was also his adopted daughter and had resided with him from infancy; a brother, defendant *Berthold Schmidt,* aged sixty-two years, having a family of seven and not able to work; and Emanuel Schmidt, a half-brother, who was also married and had a large family. His wife died in August, 1902. At the time of his decease he possessed real estate described, worth $7,500. His wife died seised of certain real estate described, worth $2,800. At one time she was possessed

of other realty which, prior to her decease, without the knowledge of her husband, she conveyed to a religious association. She was the beneficiary named in a $2,000 policy of life insurance upon her husband's life, which, in case she did not survive her husband, was made payable to the daughter *Anna*. Henry was appointed administrator of his wife's estate, and executed the trust till he died. At her death plaintiff became the owner of the real estate of which the former died seised, subject to Henry's right by curtesy. He claimed that all the realty of which she died seised, and that which she theretofore conveyed away as aforesaid, was purchased with his money and really belonged to him. He insisted thereon when he was informed that she had made the conveyance, and up to the time of his last sickness, when he was endeavoring to induce the grantee to deed the property to him. *Anna* did not become his adopted daughter till after his wife's death. In January, 1893, he was in failing health. He had suffered a stroke of paralysis. He made an ineffectual attempt to make a will January 17, 1903. The next day he informed his nephew, *Berthold Schmidt,* his half-brother and others, that he desired to provide for the disposition of his property, and asked them to be with him the next day accompanied by a notary for that purpose, indicating what disposition thereof he intended to make. Accordingly such persons, accompanied by a notary and the daughter *Anna,* attended Henry as requested. He then made a deed to *Anna* of the land in controversy, subject to a charge of $1,500 in favor of defendant *Berthold Schmidt.* The deed was duly delivered and was thereafter duly recorded. At the time the deed was made the deceased also made a will devising all the realty of which his wife died seised to the plaintiff, and the realty conveyed by his wife as aforesaid, in case it should be recovered, to his daughter *Anna,* and in form bequeathed to plaintiff the $2,000 policy of life insurance, requiring her to pay out of the proceeds thereof a

$900 mortgage on the land conveyed to *Anna.* He did not in the will attempt to dispose of the land so conveyed. At the time of making such will and conveyance he was of sound mind and competent to make the disposition of his property which he attempted to make, and was not moved in the matter by undue influence.

The conclusion of law reached was that the deed made to *Anna* vested in her a good and indefeasible title to the land described therein, subject to the $1,500 charge in favor of *Berthold Schmidt,* and that defendants were entitled to a judgment accordingly, and dismissing the complaint with costs. Judgment was so rendered, from which this appeal was taken.

For the appellant there was a brief by *Sheridan & Wollaeger,* and oral argument by *J. A. Sheridan.*

For the respondents there was a brief by *Timlin & Glicksman,* attorneys, and *W. L. Gold,* of counsel, and oral argument by *Mr. Gold.*

Marshall, J. No new question of law is presented, nor old one applied, which is in controversy. We have only to deal with the question of whether the deed given by the deceased to his daughter *Anna* was the result of undue influence. The disposition of the policy of life insurance is not involved. Whether the judgment respecting the deed is right depends solely upon whether the findings of fact are against the clear preponderance of the evidence. No good will result, directly or indirectly, from a discussion of the evidence for the purpose of justifying the conclusion at which we have arrived. It is considered that ordinarily, where there is no other question raised upon an appeal than that of whether the findings of fact are against the clear preponderance of the evidence, and it appears that such question must be answered in the negative, the filing of a decision in writing in strict compliance with sec. 2410, Stats. 1898, is

all that is required and all that is advisable. The evidence in the record upon this appeal has received careful consideration from all the aspects presented by appellant's counsel, and all others legitimately to be considered, and it seems to warrant the conclusions of fact complained of. Therefore the judgment must be affirmed.

*By the Court.*—So ordered.