**FOREST C. GORDON v. GANDY BRIDGE COMPANY, a corporation, etc.**

7 So. (2nd) 350                  En Banc
December 16, 1941          On Rehearing March 31, 1942

Booth & Dickenson, for appellant.
Bussey, Mann & Barton, for appellee.

WHITFIELD, J.:

In our opinion the allegations of inducement and of conclusions, if defective, do not render insufficient the unchallenged definite allegations of fact in the declaration, which clearly show an unsafe place for plaintiff to work, and state a cause of actionable negligence of the defendant. The servant does not assume the risk of hazards caused by the master's negligence. The declaration does not show assumption of risk or contributory negligence by the plaintiff, so as to negative recovery.

The judgment should be and is hereby reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.

BUFORD, THOMAS and ADAMS, JJ., dissent.

BUFORD, J., dissenting:

The declaration, inter alia, alleges:

"Whereas, on the 14th day of May, 1935, and for sometime prior thereto, the defendant was in possession of, the owner of and was managing and operating the Gandy Bridge located partly in Hillsborough County and partly in Pinellas County; and that on the

aforesaid date the said defendant was responsible for the proper condition, operation, management and control of said bridge and all appliances, machinery and buildings used in connection therewith that on the date aforesaid the plaintiff was employed by the defendant in the capacity of electrician, and had been so employed by the said defendant for a considerable time previous to the above date; that on the said 14th day of May, 1935, at or about five o'clock in the afternoon of said day, the plaintiff had been ordered and directed by the defendant, through its proper officers with authority, to do certain work in the building known as the toll house at the eastern terminus of said bridge; that the particular work that the plaintiff was doing at the aforesaid time and just previous thereto, was the placing of electric wiring in the upper part or attic of the toll house which was being repaired and re-constructed; that the said defendant, through its proper officers who were clothed with proper authority, furnished the plaintiff with long boards of suitable length and thickness which were placed over the rafters in the upper part of said toll house upon which boards the said plaintiff carried on his work as electrician; that an opening was left in the roof of the said toll house by the carpenters employed upon said building by the said defendant in order that light could enter the space in which the plaintiff was working, and also in order that materials of all kinds could be taken through and into said attic or upper part of said toll house where the plaintiff was working; that then and there, at the aforesaid time and place, it became the duty of the defendant, through its proper officers, to see to it that the said place in which the *defendant* was directed to work

was a proper and safe place for the plaintiff to carry on his work; but, notwithstanding the defendant's duty in that behalf, the said defendant negligently and carelessly failed to provide and maintain a safe and proper place for the plaintiff to work in, in that the boards or timbers which were originally placed over the rafters by the defendant, were negligently removed by the employees of the said defendant who were acting with full authority from the said defendant; that thereafter the hole in the roof which has been heretofore described, was closed by the defendant through its employees, thereby preventing the taking into the said attic or upper part of the toll house any more proper material such as long boards or timbers of sufficient thickness upon which the plaintiff could carry on his work in a safe manner; that the defendant knew, or by the exercise of reasonable care, could have known that the said boards or timbers were absolutely necessary to be placed over the rafters in order to provide a safe place for the plaintiff to work in, and had theretofore, before the injury to the said plaintiff, actually placed the said boards over the rafters for the very purpose of making a safe place for the plaintiff to work in; that the said plaintiff protested to the proper officials in authority of the said defendant not to remove the said boards or timbers, but to leave them in the attic or upper part of the toll house in order that the plaintiff could have a safe place in which to work; that, notwithstanding this demand and request by the plaintiff, the said boards and timbers were negligently removed and the opening in the roof closed, and the plaintiff was compelled to attempt to finish his work in the dimly lighted attic or upper part of the toll

house without any boards or timbers placed upon the rafters; that the only opening left through which the plaintiff could gain access to the upper part of the toll house was a small scuttle hole; that in attempting to carry out his work under the direction and demand of the defendant, through its proper officials, the plaintiff, as he moved over the rafters attempting to complete his electrical work, slipped from the top of the rafters, falling in such a manner that he came down astride of one of the floor rafters or timbers which was in an upright position, the legs of the plaintiff protruding through the ceiling;"

It appears to me that these allegations show clearly and conclusively that plaintiff was fully advised of and knew the conditions of the place where he was required to work and fully realized what the result might reasonably be expected to be if he assumed to accept the conditions as he knew them to be and proceeded, as he did, to attempt to perform the work under the then fully apparent conditions. It, therefore, appears from the allegations of the declaration that plaintiff assumed the risk which resulted in his injury and he may not recover.

In 35 American Jurisprudence, Sec. 299, it is said:

"What constitutes ordinary risks is often difficult to determine, just as it may be hard, at times, to determine what constitutes negligence. Ordinarily, the question is one of fact for the injury, unless the circumstances are inconsistent and present a situation so plain that intelligent men would draw different conclusions; then the court may declare, as a matter of law, that the risk was assumed. In other words, where it appears that when the employee had knowledge of and appreciated the danger or that the danger

was so obvious or apparent that knowledge should be imputed to him, then the court may declare as a matter of law that the employee assumed the risk and is not entitled to recover. If, on the other hand, there is a conflict in the evidence or different inferences may be drawn therefrom, the question of knowledge is for the jury."

In German American Lumber Co. v. Brock, 55 Fla. 577, 46 Sou. 740, this Court held:

"Upon voluntarily accepting an employment, the servant assumes all the ordinary and usual risks and perils incident to the employment, and all risks that the servant knows or, by the exercise of reasonable care and attention, should know to be incident to the employment. The servant does not assume risks caused by the master's negligence, nor such as are latent and not known to the servant, nor such as are discovered only at the time of the injury, unless by the exercise of reasonable care and attention he should have discovered such risks sooner."

See Jacques v. Miami, etc., Ice Co., 73 Fla. 1193, 75 Sou. 788; Southern Turpentine Co. v. Douglass, 61 Fla. 424, 54 Sou. 385; Wilson etc. Fertilizer Company v. Lee, 90 Fla. 632, 106 Sou. 462.

In the case of U. S. Cement Co. v. Couch, 42 Ind. App. 251, 85 N.E. 490 it was held: "A servant assumes all the risks and hazards of the service that are open and apparent to him, whether they are necessarily incident to the service or not." To like effect is Brandon v. Wabash R. Co. 134 Mich. 575, 96 N.W. 929; Waxahachie Oil Co. v. McLain, 27 Tex. Civ. App. 334, 66 S.W. 226; Harrison v. Detroit Y.A.A. J. R. Co., 137 Mich. 78, 100 N.W. 451; Kennedy v. Meddaugh, C.C.A. 115, 118 Fed. 209; Well v. Burling-

ton C.R. & N. Co., 56 Iowa 520, 9 N.W. 364; Tucker v. Northern P. Terminal Co., 41 Ore. 82, 65 Pac. 426.

It therefore follows that when the declaration by its clear allegations showed that recovery was barred by the assumption of risk by the plaintiff employee, demurrer to the declaration was properly sustained and judgment thereupon entered in favor of the defendant.

The judgment should be affirmed.

ADAMS and THOMAS, JJ., concur.

### ON REHEARING GRANTED

PER CURIAM:

On the original consideration of this case Mr. Justice Buford prepared a dissenting opinion which was concurred in by Mr. Justice Thomas and Mr. Justice Adams. The majority of the Court was then of the view that the judgment should be reversed.

The pertinent parts of the declaration are set forth in the dissenting opinion prepared by Mr. Justice Buford.

On further consideration of the record in this cause after rehearing granted, a majority of the court feels that the declaration on its face shows both the assumption of risk and contributory negligence by the plaintiff and are of the opinion that the legal principles applicable to the case are correctly stated in the dissenting opinion, supra. Therefore, the judgment for defendant on demurrer to the declaration sustained should be affirmed.

So ordered.

Affirmed.

TERRELL, BUFORD, THOMAS and ADAMS, JJ., concur.

BROWN, C. J., concurs in conclusion.

WHITFIELD and CHAPMAN, JJ., dissent.